**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONALD CALVIN,

       Plaintiff - Appellant,

  v.

BILL ELFO, Sheriff of Whatcom County;
et al.,

       Defendants - Appellees.

No. 14-35237

D.C. No. 2:13-cv-00859-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Former pretrial detainee Donald Calvin appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging, among other

claims, deliberate indifference to his serious medical needs.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008).  We affirm.

The district court properly dismissed Calvin's action as time-barred because Calvin filed his complaint more than three-year after his release from jail.  *See* Wash. Rev. Code § 4.16.080(2) (three-year statute of limitations for personal injury actions); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling."); *see also* Wash. Rev. Code § 4.16.190(1) (statute of limitations is tolled while a person is "imprisoned on a criminal charge prior to sentencing"); *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (Fed. R. Civ. P. 3 "governs the commencement of federal causes of action using borrowed state statutes of limitations. . . . [T]here is no gap to fill and no basis for resorting to state law to determine when the action is commenced.").

We reject Calvin's arguments concerning equitable tolling.

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Calvin's request for appointment of counsel, set forth in his opening brief, is denied.

**AFFIRMED.**